## MOLONY v. MASSACHUSETTS BEN. ASS'N et al.

(Circuit Court, E. D. Pennsylvania. November 22, 1892.)

INJUNCTION—PROCEEDINGS IN STATE COURTS.

Where a bill prays, among other things, for an injunction to stay proceedings in a state court, and the purpose of the suit can only be attained by granting the same, the bill will be dismissed, for such an injunction is expressly forbidden by Rev. St. § 720.

In Equity. Suit by Bridget Molony, as administratrix of Michael Molony, deceased, against the Massachusetts Benefit Association and Benjamin F. Fisher, Receiver of the Spring Garden National Bank, Bill dismissed.

Benjamin Alexander, Frederick J. Geiger, and William W. Porter, for complainant.

D. H. Stone, for defendant B. F. Fisher.

M. V. Simpson, for defendant Massachusetts Benefit Association.

DALLAS, Circuit Judge. There are 11 reasons assigned in support of this demurrer; and there are grounds upon which, perhaps, the demurrer should be sustained, other than that which, being alone sufficient to require that the bill should be dismissed, will alone be considered. The third prayer of the bill is for an injunction to restrain proceedings in a suit at law in a court of common pleas of the state of Pennsylvania. There are other prayers; but they, and the matters upon which they are founded, are necessarily involved

with the third prayer. It embodies the main object of the suit, which is to prevent an adjudication in the state court prior to the conclusion of this suit in this court. In complainant's brief it is said: "The complainant requires a writ of injunction against both defendants, in order to maintain the status quo until the rights of the parties are determined, only obtainable in equity." As said in Hitchcock v. Galveston, infra, "Without this, all else is of no account. Any other remedy would be unavailing." Such an injunction is, however, expressly forbidden by Rev. St. § 720. Haines v. Carpenter, 91 U. S. 256; Hitchcock v. Galveston, 96 U. S. 341. As the purpose of this suit could be attained only by the doing of that by this court which the law has distinctly provided that it shall not do, the bill is dismissed.